# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER KISKADEN,<br><br>    Plaintiff,<br><br>v.<br><br>CORCORAN PRISON, et al.,<br><br>    Defendants. | **Case No. 1:17-cv-01547-MJS (PC)**<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF No. 1)**<br><br>**ORDER DENYING MOTION TO SUPPRESS ATTORNEYS LIST OF ADDRESSES**<br><br>**(ECF No. 7)**<br><br>**ORDER DENYING MOTIONS FOR COPIES**<br><br>**(ECF Nos. 8; 9)**<br><br>**ORDER DENYING MOTION TO COMPEL**<br><br>**(ECF No. 10)**<br><br>**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION**<br><br>**(ECF No. 11)**<br><br>**ORDER DENYING MOTION TO APPOINT COUNSEL**<br><br>**(ECF No. 12)**<br><br>**THIRTY DAY DEADLINE** |

Plaintiff proceeds pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff's November 20, 2017 complaint is before the

Court for screening. (ECF No. 1.) On December 13, 2017, Plaintiff filed a motion to suppress attorneys list of addresses (ECF No. 7), a motion for stamped filed copy (ECF No. 8), a motion for a return stamped file copy (ECF No. 9), and a motion to compel production of documents (ECF No. 10). On December 27, 2017, Plaintiff filed a motion for preliminary injunction (ECF No. 11) and a motion to appoint counsel (ECF No. 12).

## I. Screening Requirement

The Court is required to screen complaints brought by inmates seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

### A. Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Prisoners may bring § 1983 claims against individuals acting "under color of state law." See 42 U.S.C. § 1983, 28 U.S.C. § 1915(e) (2)(B)(ii). Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of

factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

### B. Plaintiff's Allegations

Plaintiff is currently incarcerated at Valley State Prison, but his claims arose at Corcoran State Prison ("CSP"). He brings this action against thirty-one[1] Defendants employed at CSP. (ECF No. 1 at 2-4.) Plaintiff asserts three claims, which are labeled as follows: (1) "(1st) (8th) (14th) Americans Disability Act. Native Religious. Indian" (id. at 5); (2) "(1st) (8th) (14th) ADA Act. CDCR policies/procedure due process" (id. at 6); and (3) "(1st) (4th) (8th) (14th) Equal Protection Clause / procedure Due Process Clause" (id. at 7).

Plaintiff complains of the same injuries with respect to each claim: lower back disc injury; nerve spine neck injury; dislocated knee; dislocated hand/wrist; dislocated shoulder/collar bone. (Id. at 5-7.)

The allegations for each claim include some overlap as well. However, as addressed below, the complaint generally makes vague, conclusory assertions against general categories of Defendants, and is often incomprehensible.

As best the Court can determine, Plaintiff's allegations for claim 1 (id. at 5) are summarized as follows: Plaintiff suffered the above injuries September and October of 2017 as a result of force used by unnamed individuals against him, and he is not being treated by orthopedic doctors or otherwise provided adequate medical care for the injuries. He also alludes to "DSH Stockton" (presumably, Department of State Hospitals, Stockton) as a place where injuries may have occurred and/or where he was treated

---

[1] The petition names thirty-two Defendants, but Defendant M. Fritz, Chief Nurse Executive at CSP is listed on two different pages. (ECF No. 1 at 2-4.)

3

1 improperly.

2 As to claim 2 (id. at 6), Plaintiff seems to allege: Custody officers and mental health/psychiatric technicians used excessive force on Plaintiff during a cell extraction and caused the above injuries. The injuries have not been treated or addressed by associate wardens, medical doctors, or chief nurses. Plaintiff seeks to name employees of "both prisons," including CSP and DSH Stockton.[2] Plaintiff states that he has been denied the opportunity to be seen by orthopedic doctors.

Plaintiff's allegations for claim 3 (id. at 7) may be summarized as follows: Plaintiff suffered injuries in September and October of 2017 which have gone untreated. He also refers to an unauthorized cell extraction that exacerbated injuries suffered in a fall. Plaintiff alleges "officer misconduct," "threats towards [his] health and safety concerns," "excessive bodily injuries," "use of 5-point restraints," and "forced psych medication against [his] will." As with claim 2, Plaintiff notes both prisons, apparently alluding to DSH Stockton and again states that he has been denied orthopedic treatment.

In his request for relief, Plaintiff seeks referral to an orthopedic doctor, a jury trial, discovery (including depositions and subpoenas), standby counsel, and "deliberate indifference."

**C.     Discussion**

As currently pled, the Court is unable to determine precisely who Plaintiff is suing for what.

Claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1) ("[e]ach allegation must be simple, concise and direct"); McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) ("[t]he Federal Rules require that averments 'be simple, concise, and direct'"); see Crawford-El v. Britton, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases). The Court gives significant leeway to pro se plaintiffs' pleadings. Even with liberal construction, however, the complaint must not force the Court and Defendant to guess at

---

[2] The named Defendants in this complaint are all listed as employees of "Corcoran." (ECF No. 1 at 2-4.)

4

what is being alleged against whom, require the Court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiff to submit," or require the Court and Defendant to prepare lengthy outlines "to determine who is being sued for what." See, also, e.g., Brazil v. U.S. Dept. of Navy, 66 F.3d 193, 199 (9th Cir. 1995) ("[a]lthough a pro se litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong"). A repetitive pleading, without clear statement of which individual did what, very likely will result in delaying the review required by 28 U.S.C. § 1915A and, ultimately, an order dismissing Plaintiff's action pursuant to Fed. R. Civ. P. 41, for violation of these instructions. McHenry, 84 F.3d at 1179.

### 1. Defendants

Nowhere in the Complaint does Plaintiff specify which Defendants took which actions or which rights he feels were violated by which actions. Accordingly, the Court cannot determine whether Plaintiff has stated a cognizable claim or not. Below, the Court will address the law applicable to the claims it appears Plaintiff is making and provide him with the criteria necessary to allege cognizable claims in those areas.

First, the complaint lacks specificity as to what actions were undertaken by named Defendants and how those actions were connected to Plaintiff's rights and injuries. While the complaint names thirty-one individual Defendants, Plaintiff either fails to refer to a named Defendant or refers to them broadly as "doctors," "nurses," "psych technicians," and "custody officers" who took action giving rise to his claims. Under § 1983, Plaintiff must allege that each defendant he wishes to sue *personally* participated in the deprivation of his rights. Ashcroft, 556 U.S. at 676-7; Simmons, 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff may not attribute liability to a group of defendants; he must "set forth specific facts as to each individual defendant's" deprivation of his rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); see also

Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Since Plaintiff's statement of claims does not name any individuals, the Court cannot assess whether any claim is cognizable against any Defendant. For this reason alone, the complaint must be dismissed with leave to amend.

### 2. Substantive Allegations

Additionally, Plaintiff fails to clearly state the legal basis for each of his claims. The complaint suggests, however, an intent to pursue causes of action along the following lines.

### a. Deliberate Indifference to Serious Medical Need

Each claim asserts that some unnamed individuals or some named category of individuals left Plaintiff's injuries untreated and did not refer him to orthopedic doctors for treatment. (ECF No. 1 at 5-7.) Plaintiff also seeks "deliberate indifference." (Id. at 8.) Thus, it appears that Plaintiff is attempting to raise an Eighth Amendment claim for deliberate indifference to a serious medical need.

An Eighth Amendment claim arising out of medical care in prison, must allege "(1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).

"[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Estelle v. Gamble, 429 U.S. 97, 104-05 (1976) (internal citations, punctuation and quotation marks omitted). "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they 'deny, delay or intentionally interfere with medical treatment.'" Wood v.

6

Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) (quoting Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988)).

"A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (quoting Estelle, 429 U.S. at 104). Serious medical needs include "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; [and] the existence of chronic and substantial pain." McGuckin, 974 F.2d at 1059-60.

To prevail on a claim for deliberate indifference to serious medical needs, a prisoner must demonstrate that a prison official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

"In the Ninth Circuit, the test for deliberate indifference consists of two parts. First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. This second prong . . . is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (internal citations, punctuation and quotation marks omitted); accord, Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Lemire v. CDCR, 726 F.3d 1062, 1081 (9th Cir. 2013).

"The indifference to a prisoner's medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this claim. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs."

Lemire, 726 F.3d at 1081-82 (internal citations, punctuation and quotation marks omitted); accord, Cano v. Taylor, 739 F.3d 1214, 1217 (9th Cir. 2014). Moreover, "[a] difference of opinion between a physician and the prisoner -- or between medical professionals -- concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989)).

Plaintiff's low back disc injury, nerve spine/neck injury, dislocated knee, dislocated hand/wrist, and dislocated shoulder/collar bone (ECF No. 1 at 5-7) likely constitute serious medical needs. However, Plaintiff must allege how each injury was caused, as well as when and who caused each.

Denial of access to orthopedic doctors could constitute deliberate indifference to serious medical needs, but Plaintiff must explain which injury or injuries he is referring to, who denied access to the orthopedic doctor when, why that denial was uncalled for, and what damage this caused as a result of the denial.

Any amended complaint must address the above deficiencies.

### b. Excessive Force

Plaintiff alleges that some unnamed individuals or category of individuals caused him excess bodily injury during a cell extraction and/or when he was forcefully medicated and placed in restraints. Plaintiff may wish to claim excessive force under the Eighth Amendment.

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citations omitted). For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam) (citing Hudson, 503 U.S. at 7) (internal quotation marks omitted). The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, Hudson, 503 U.S. at 8 (quotation marks and citation

omitted), and although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Wilkins, 559 U.S. at 37-8 (citing Hudson, 503 U.S. at 9-10) (quotation marks omitted).

As noted, Plaintiff does not identify who caused his injuries or how they caused them. The Court cannot determine whether he may have a cognizable excessive force claim.

### c. Retaliation

Finally, in his third claim, Plaintiff alleges "officer misconduct" and "threats toward [his] health and safety concerns." (ECF No. 1 at 7.) These allegations suggest the possibility of a retaliation claim.

Prison inmates have a constitutional right to freedom from retaliation for engaging in activity protected by the First Amendment, including pursuing "'civil rights litigation in the courts.'" Rhodes v. Robinson, 408 F.3d 559, 566 (9th Cir. 2005) (quoting Schroeder v. McDonald, 55 F.3d 454, 461 (9th Cir. 1995)). A claim of unconstitutional retaliation brought by a prisoner has five elements. First, plaintiff must allege and show that he was engaged in conduct protected by the First Amendment. See Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012). Second, a "plaintiff must claim that the defendant took adverse action against the plaintiff." Id. (citing Rhodes, 408 F.3d at 567). "The adverse action need not be an independent constitutional violation." Id. (citing Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995)). Third, plaintiff must allege and demonstrate a causal connection between the protected conduct and the adverse action. Id. Fourth, the plaintiff must allege and prove either a chilling effect on the exercise of First Amendment rights or some other harm. Id. Finally, the plaintiff must allege that the retaliatory action "'did not advance legitimate goals of the correctional institution.'" Id. (quoting Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985)).

If Plaintiff is pursuing a retaliation claim, he must make factual allegations that comport with the above legal standards.

9

### 3.  Leave to Amend the Complaint

Plaintiff will be provided an opportunity to amend his complaint. The court will therefore provide guidance for amendment.

The amended complaint must contain a short and plain statement of plaintiff's claims. Plaintiff must allege facts showing that each of the elements of every cause of action, set forth above are met. Plaintiff must provide enough information to put Defendants on notice and allow them to prepare a defense.

The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Fed. R. Civ. P. 10(b). Forms are available to help the plaintiff organize his complaint in the proper way. The Clerk of Court will be directed to send Plaintiff a copy of the form along with this Order.

Plaintiff must avoid excessive repetition of the same allegations. Plaintiff must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of Plaintiff's hopes and thoughts. Rather, the amended complaint should contain only those facts needed to show how each Defendant legally wronged Plaintiff.

The amended complaint must not force the Court and the defendants to guess at what is being alleged against whom. See McHenry, 84 F.3d at 1177 (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the Court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." Id. at 1180. The amended complaint must not require the Court and Defendants to prepare lengthy outlines "to determine who is being sued for what." Id. at 1179.

Also, the amended complaint must not refer to a prior pleading in order to make Plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Telephone Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556–57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

## II. Motion to Suppress Attorneys List of Addresses

On December 13, 2017, Plaintiff filed a "motion to suppress attorneys list of addresses." (ECF No. 7.) The content of the motion suggests Plaintiff wants addresses for each named Defendant so that he can fill out a summons for them to be served. At this stage, such relief is premature; Plaintiff's complaint does not allege any cognizable claims and therefore is not appropriate for service. Thus, the motion will be denied without prejudice. If Plaintiff files an amended complaint that states cognizable claims against any Defendants, Plaintiff may renew his motion.

## III. Motions for Copies

On December 13, 2017, Plaintiff filed two motions for stamped filed copies. (ECF Nos. 8; 9.) Both motions request a stamped copy of his notice consenting to Magistrate Judge jurisdiction. (Id.) This is a document Plaintiff, himself, submitted. Such documents Plaintiff are not served back on him. The Court does not provide free copies of documents in the file.

## IV. Motion to Compel Production of Documents

On December 13, 2017, Plaintiff filed a motion to compel production of various records concerning his detention and the issues raised in the complaint. (ECF No. 10.) Discovery is premature. The Court has not yet determined whether Plaintiff has a cognizable claim against any Defendants, and no Defendants have been served with the

1 complaint. Plaintiff has not served and may not yet serve any discovery on any
2 Defendants, and so there is nothing for the Court to compel be produced.

3 If Plaintiff files an amended complaint alleging cognizable claims, the Court will
4 order that it be served and named Defendants will be required to respond. At that point
5 the Court will issue a discovery and scheduling order and the parties may initiate
6 discovery.

**V.     Motion for Preliminary Injunction**

On December 27, 2017, Plaintiff filed a motion for preliminary injunction. (ECF No. 11.) It states only that Plaintiff is seeking a preliminary injunction. There is no supporting law or argument. (Id.) It refers to an attached memorandum of law, but there is no such document. (Id.) Plaintiff does not identify the injunctive relief he seeks. The motion includes no actual request for relief. (ECF No. 11.) Instead, Plaintiff sets out generalized standards and requests a hearing on preliminary injunction. (Id.) It appears he seeks preliminary relief on all matters raised in his complaint. It would be impossible to grant injunctive relief on such claims because the Court has not and cannot yet determine the basis of any of Plaintiff's claims and against whom they are made. In short, even if the motion were more properly framed, it could not be granted at this stage as there is yet no operative pleading upon which the case can proceed.

"A preliminary injunction is an extraordinary remedy never awarded as of right," Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). A preliminary injunction may issue where the plaintiff demonstrates the existence of serious questions going to the merits and the hardship balance tips sharply toward the plaintiff, assuming the other two elements of the Winter test are also met. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011). Under either formulation of the principles, preliminary injunctive relief

12

1 should be denied if the probability of success on the merits is low. See Johnson v. Cal. State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits).

An injunction may only be awarded upon a "*clear showing*" that the plaintiff is entitled to relief. Winter, 555 U.S. at 22 (citation omitted) (emphasis added). In addition, in cases brought by prisoners involving conditions of confinement, any preliminary injunction must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2).

### VI.  **Motion to Appoint Counsel**

On December 27, 2017, plaintiff filed a motion seeking the appointment of counsel. (ECF No. 12.) In the motion, Plaintiff states that he cannot afford counsel, that his imprisonment will hinder his prosecution of the case, and that counsel would be better suited to questioning witnesses during a trial. (Id.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. ' 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. However, without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional

circumstances, especially since the Court has not even determined if Plaintiff has presented any cognizable claims for relief. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily.

Thus, the motion for appointment of counsel will be denied without prejudice.

**VII. Conclusion**

The Court finds Plaintiff has failed to state cognizable against all Defendants. As noted above, the Court will grant Plaintiff an opportunity to file an amended complaint to cure the noted defects. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Alternatively, Plaintiff may forego amendment and notify the Court that he wishes to stand on his complaint. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004) (plaintiff may elect to forego amendment). If the last option is chosen, the undersigned will issue findings and recommendations to dismiss the non-cognizable claims without leave to amend, Plaintiff will have an opportunity to object, and the matter will be decided by a District Judge. No further opportunity to amend will be given by the undersigned.

If Plaintiff chooses to amend, he must cure the noted deficiencies and abide by the Court's instructions concerning amended complaints above.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint (ECF No. 1) is **DISMISSED** with leave to amend;
3. The Clerk's Office shall send Plaintiff a blank complaint form along with a copy of the complaint filed November 20, 2017;
4. Within thirty (30) days from the date of service of this order, Plaintiff must file either a first amended complaint curing the deficiencies identified by the Court in this order or a notice of election to stand on the complaint;
5. If Plaintiff fails to comply with this Order, the Court will recommend the complaint be dismissed, with prejudice, for failure to state a claim; and

14

6. Plaintiff's motion to suppress attorneys list of addresses (ECF No. 7) is **DENIED**;

7. Plaintiff's motions for copies (ECF Nos. 8; 9) are **DENIED**;

8. Plaintiff's motion to compel production of documents (ECF No. 10) is **DENIED** without prejudice;

9. Plaintiff's motion for preliminary injunction (ECF No. 11) is **DENIED** without prejudice; and

10. Plaintiff's motion to appoint counsel (ECF No. 12) is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated: January 3, 2018 /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE