UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER KISKADEN,<br><br>    Plaintiff,<br><br>    v.<br><br>CORCORAN PRISON, et al.,<br><br>    Defendants. | **Case No. 1:17-cv-01547-MJS (PC)**<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE**<br><br>**(ECF No. 16)**<br><br>**ORDER DENYING MOTION TO COMPEL**<br><br>**(ECF No. 15)**<br><br>**ORDER DENYING MOTION TO APPOINT COUNSEL**<br><br>**(ECF No. 18)**<br><br>**FOURTEEN DAY DEADLINE** |

Plaintiff proceeds pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. On January 3, 2018, the Court screened Plaintiff's November 20, 2017 complaint (ECF No. 1) and ordered Plaintiff to either file a first amended complaint curing the deficiencies identified by the Court or a notice of election to stand on the complaint. (ECF No. 15.) Plaintiff was given thirty days to respond. (Id.) Plaintiff was warned that if he failed to comply with the Order, the Court would recommend the complaint be dismissed for failure to state a claim and failure to prosecute. (Id.)

On the day that the Court issued the screening order, Plaintiff filed a motion to compel (ECF No. 15) and a notice of subpoena and proof of service (ECF No. 17). On January 9, 2018, Plaintiff filed a motion to appoint counsel (ECF No. 18) and a notice of summons and subpoena (ECF No. 19). To date, Plaintiff has not filed an amended complaint, a notice of voluntary dismissal, a notice to stand on his complaint, or a request for additional time.

For the reasons outlined below, the Court denies Plaintiff's motions to compel and appoint counsel and orders Plaintiff to show cause why his complaint should not be dismissed for failure to prosecute.

**I.  Motion to Compel**

On January 3, 2018, Plaintiff filed a motion to compel the named Defendants to respond to interrogatories and document requests he avers were sent to them. (ECF No. 15.) The motion is premature. The Court has not yet determined that Plaintiff has any cognizable claims against any Defendants. No Defendants have been served with the complaint. Discovery may not proceed until the Court determines Plaintiff has stated a viable claim and it has been served on Defendants. See Fed. R. Civ. P. 26(f) ("[A] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f).")

Plaintiff's premature discovery motion is denied without prejudice.

**II.  Motion to Appoint Counsel**

On January 9, 2018, Plaintiff filed a motion to appoint counsel. (ECF No. 18.) It is nearly identical to his earlier motion to appoint counsel (ECF No. 12), which the Court denied (ECF No. 16). Nothing has changed to warrant reconsideration of that denial or granting of the instant request.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. ' 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain

exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. However, without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances, especially since the Court has not even determined if Plaintiff has presented any cognizable claims for relief. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily.

Thus, this second motion for appointment of counsel (ECF No. 18) will be denied without prejudice.

**III.     Order to Show Cause**

On January 3, 2018, the Court ordered that Plaintiff either file a first amended complaint curing the deficiencies identified by the Court or a notice of election to stand on the complaint. (ECF No. 15.) Plaintiff was given thirty days to respond. (Id.) Plaintiff was warned that if he failed to comply with the Order, the Court would recommend the complaint be dismissed for failure to state a claim and failure to prosecute. (Id.)

To date, Plaintiff has not responded to the Court's order and the time to do so has passed.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may

impose sanctions including, where appropriate, default or dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation, (2) the Court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting this action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, as for the availability of lesser sanctions, at this stage in the proceedings there is little available which would constitute a satisfactory lesser sanction while preserving scarce Court resources. Plaintiff has not paid the filing fee for this action and is likely unable to pay, making monetary sanctions of little use.

Accordingly, within 14 days of service of this Order, Plaintiff shall file either an amended complaint, a notice of voluntary dismissal, a notice of election to stand on his current complaint, or he shall show cause why this action should not be dismissed for failure to prosecute and failure to comply with the Court's Order (ECF No. 16).

## IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (ECF No. 15) is denied without prejudice;

2. Plaintiff's motion to appoint counsel (ECF No. 18) is denied without prejudice;

3. Within 14 days of service of this Order, Plaintiff shall either file an amended complaint, a notice of voluntary dismissal, a notice of election to stand on his current complaint, or shall show cause as to why this action should not be dismissed for failure to prosecute and failure to comply with the Court's Order (ECF No. 16); and

4. If Plaintiff fails to show cause, file an amended complaint, a notice of voluntary dismissal, or a notice of election to stand on his current complaint, the undersigned will recommend dismissal of this case.

IT IS SO ORDERED.

Dated: March 27, 2018            /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE